IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Delaney Palmer, )
)
      Plaintiff, )
)
vs. ) Civil Action No. 10-1163
)
Evenheat Kiln, Inc., )
)
      Defendant. )
)
)

AMBROSE, Senior District Judge

## MEMORANDUM ORDER OF COURT

The factual and procedural details of this products liability action are well known to the parties and I need not repeat them in detail here. Pending is Plaintiff's Motion in Limine to Preclude Evidence, Testimony, and/or Expert Testimony Concerning Plaintiff's Alleged Cocaine Use and Brief in support thereof. (Docket Nos. 43, 44). Defendant opposes Plaintiff's Motion. (Docket No. 46). After a careful review of the submissions by the parties, Plaintiff's Motion in Limine is denied.

Relevant evidence is defined as evidence having any tendency to make a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. In turn, relevant evidence may be excluded if its "probative value is substantially outweighed" by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403. "Rule 403 authorizes a district court in its broad discretion to exclude collateral matters that are likely to confuse the issues." United States v. Casoni, 950 F.2d 893, 919 (3d Cir. 1991). The inquiries under Rules 401 and 403 are

fact-intensive, and context-specific. Sprint v. Mendelsohn, 552 U.S. 379 (2008). A court should be wary of excluding evidence *in limine* under Rule 403 because "[a] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." In re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1999). "[W]hen the trial judge is in doubt, Rule 403 requires admission." Coleman v. Home Depot, Inc., 306 F.3d 1333, 1244 (3d Cir. 2002).

The burden of establishing the admissibility and relevance of evidence rests on the proponent. See, e.g., Phillips v. Potter, Civ. A. No. 7-815, 2009 WL 2588830, at *1 (W.D. Pa., Aug. 19, 2009).

Through its Motion, Plaintiff seeks to exclude evidence related to a November 12, 2009 drug screening of Plaintiff in which he tested positive for cocaine. The drug test occurred approximately two months prior to the alleged electric shock injury that gave rise to Plaintiff's claims in this case. Plaintiff claims that evidence of Plaintiff's alleged cocaine use has minimal probative value and that any probative value is substantially outweighed by the high danger of unfair prejudice. For the following reasons, Plaintiff's Motion is denied.

In short, I agree with Defendant that the evidence of the positive drug screen in this case is highly relevant to a central disputed issue in this case – *i.e.*, whether the Plaintiff sustained the claimed electric shock. For example, the evidence is relevant to whether Plaintiff's creatine phosphokinase ("CPK") levels were elevated at the time of the alleged incident due to electric shock or to an alternative cause such as Plaintiff's alleged cocaine use. The evidence is also relevant to Plaintiff's credibility and supports Defendant's argument that Plaintiff had a motive to fabricate or exaggerate a work-related injury because he faced discipline, including possible termination, at work for failing the drug screen.

Although evidence of a Plaintiff's drug use may be prejudicial, the danger of such prejudice simply does not substantially outweigh the probative value of the results of Plaintiff's drug screen under the facts and circumstances of this case. While I am mindful of Plaintiff's

2

disagreement with the strength of Defendant's expert testimony and other concerns about prejudice, Plaintiff may address these concerns through other effective means such as cross-examination of witnesses at trial; Plaintiff's own competing witnesses and/or evidence at trial; and, if desired, appropriate limiting language in the jury instructions.

AND NOW, this 13th day of June, 2012, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion in Limine to Preclude Evidence, Testimony, and/or Expert Testimony Concerning Plaintiff's Alleged Cocaine Use (Docket No. 43) is DENIED.

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose
Senior Judge, U.S. District Court